302 PEOPLE ex rel. N. Y., N. H. & H. R. R. CO. v. COMRS.

THIRD DEPARTMENT, NOVEMBER TERM, 1902.      [Vol. 76.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant, *v.* BOARD OF RAILROAD COMMISSIONERS OF THE STATE OF NEW YORK and Others, Members of and Comprising Said Board, and the NEW YORK AND PORT CHESTER RAILROAD COMPANY, Respondents.

*Railroad Commissioners — not compelled by certiorari to return proof as to the financial ability of a railroad company or the* bona fides *of an enterprise.*

A railroad company, which obtains a writ of certiorari to review the action of the Board of Railroad Commissioners in granting to another railroad company a certificate, pursuant to section 59 of the Railroad Law, "that public convenience and a necessity require the construction of said railroad," cannot require the Board of Railroad Commissioners to make return of the proof offered by such other railroad company pursuant to a standing rule of the Board of Railroad Commissioners concerning its financial ability to build the projected road and the *bona fides* of the enterprise, as those matters have no bearing upon the question of public convenience or the necessity for the road.

APPEAL by the relator, the New York, New Haven and Hartford Railroad Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 24th day of October, 1902, modifying a writ of certiorari theretofore issued in the proceeding.

*Henry W. Taft* and *Edward H. Warren,* for the appellant.

*John C. Davies, Attorney-General,* and *Robert E. Steele,* for the commissioners, respondents.

Order affirmed, with ten dollars costs and disbursements, upon opinion in court below.

All concurred.

The following is the opinion of CHESTER, J., delivered at Special Term:

CHESTER, J. :

The Railroad Law (Laws of 1890, chap. 565, § 59, as amd. by Laws of 1895, chap. 545) provides that no railroad corporation hereafter formed shall exercise the powers conferred by law upon such corporations or begin the construction of its road until the

Board of Railroad Commissioners shall certify " that public conve. nience and a necessity require the construction of said railroad." The Board of Railroad Commissioners have so certified with respect to the proposed road of the New York and Port Chester Railroad Company running part of the way side by side and all of the way not more than about two miles from the Harlem River and Portchester railroad, which is leased to and operated by the relator.

The relator has sued out a writ of certiorari to review the action of the board in granting such certificate, and the board has made this motion for an order modifying the writ so as not to require it to make return of any statements made to it in executive session with respect to the financial backing of the New York and Port Chester Railroad Company or its financial ability to build such road.

The only purpose of the writ is to permit the relator to have reviewed the correctness of the conclusion of the board that public convenience and a necessity require the construction of the proposed railroad. To that end all evidence before the board upon which it acted and which was material to the determination of those questions should be returned. But no statements made to the board, either in executive or open session, as to the financial ability of the promoters to build the road or as to the *bona fides* of the enterprise, can have any relation to or bearing upon either the question of public convenience or the question of the necessity for the road. Those are entirely different questions, and for their determination the board could not properly consider any evidence, statements or information as to the financial condition or good faith of the applicant.

The fact that the board has made a standing rule relating to applicants for a certificate of this character requiring them to make proof before it of the *bona fides* of the enterprise and of the financial ability of the projectors to build the road, cannot alter or affect the question. The rule may be a proper one to aid the board in the discharge of a public duty, yet under the law the only questions for it to pass upon are the questions of public convenience and necessity, and in order to review under this writ the correctness of its determination it is not essential that it should be required to make return of matters which are entirely foreign to those questions.

The motion is granted.

# Cases

DETERMINED IN THE

# SECOND DEPARTMENT

IN THE

# APPELLATE DIVISION,